ORIGINAL

United States District Court
Southern District of Texas
**FILED**
DEC 28 2018

David J. Bradley, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Antwan Henry | § | |
| v. | § | 4:18-cv-04414 |
| Carrington Mortgage Services, LLC, et al. | § | |

**PLAINTIFF'S RESPONSE TO [7] MOTION TO DISMISS**

Plaintiff Antwan Henry responds to [7] Motion to Dismiss (titled "Dismissal Motion") filed by attorneys for CARRINGTON MORTGAGE SERVICES, LLC ("Carrington") & THE BANK OF NEW YORK MELLON, AS TRUSTEE ("BoNYM").

As a threshold matter, on 11/9/2018 Carrington and BoNYM filed an Answer as Document #7 in the Harris County Court (before the removal occurred on 11/20/2018), and 11/12/2018 Ditech and Greentree filed an Answer as Document #8 in the Harris County Court (see this Court's [1-3] Original Answer, page 8 for Carrington and BoNYM; page 11-14; also this Court's [1-1] Exhibit A to Notice of Removal, on page 2). By filing Answers they have admitted that the Complaint sets forth a cause of action and states a claim upon which relief can be granted, therefore they cannot now be heard to say that it does not. See U.S.C., Title 28, [former] §45, substantially continued by F.R.C.P. Rule 12, which provides: "[O]bjections to the sufficiency of the petition or answer as not setting forth a cause of action or defense must be taken at the final hearing or by motion to dismiss the petition based on said grounds, which motion may be made at any time before answer is filed."

As a threshold matter, the Dismissal Motion is 18 days late. The Complaint was filed on 10/15/2018, and Carrington and Ditech were both served on 10/22/2018 (see [1-2] Exhibit A Part 2, page 50 of 50, and [1-3] Exhibit A Part 3, page 2 of 14, respectively), and BoNYM was served on 10/24/2018 (see [1-3] Exhibit A Part 3, page 4 of 14), and BoNYM as Trustee was

served on 10/24/2018 (see [1-3] Exhibit A Part 3, page 6 of 14), meaning that any motion to dismiss must be filed by 11/23/2018. The Dismissal Motion was filed on 12/11/2018--clearly after the deadline. No Motion for Extension of Time was filed. The Dismissal Motion is untimely.

None of the moving Defendants' exhibits are authenticated.

Defendants' factual statements are unsupported allegations.

The Motion refers to previous litigation but it does not say that any of that litigation precludes the present litigation ("res judicata") and in fact the previous litigation was not concluded and does not preclude the present litigation.

Exhibit 11 is not recorded (it does not bear a recording stamp), and it bears a stamp "UNOFFICIAL". In addition, most of the Account Number is missing. A number of black rectangles indicate that other, unknown information has been redacted. In addition, it does not bear Plaintiff's signature.

The Motion states:

> He asserts the hold-the-note and split-the-note theories.

The Complaint states:

> 163. None of the Defendants has ever owned, nor had an interest in nor been entitled to enforce, any Promissory Note encumbering the Property.
> Footnote 7 (page 15): "The 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself. Here, the mortgage was assigned to MERS, and then by MERS to BAC- the assignment explicitly included the power to foreclose by the deed of trust. MERS and BAC did not need to possess the note to foreclose." Thus, to show a lack of right to foreclose, a plaintiff must show both that the defendant is not a "person entitled to enforce the note" AND that the defendant is not the beneficiary of the deed of trust through assignments.

The Complaint alleges that the defendant is not the beneficiary of the deed of trust through assignments where it states:

> 146. The Assignment was purportedly signed by Swarupa Slee as Vice-President of MERS (but NOT as Nominee for any party).
> 147. Swarupa Slee did not have authority to sign the Assignment.
> 148. At no time did any officer, employee or agent of MERS delegate to Swarupa Slee the authority to sign the Assignment.
> 149. At no time did any officer, employee or agent of any principal of MERS delegate to Swarupa Slee the authority to sign the Assignment.
> 150. Swarupa Slee did not read or sign the Assignment and did not know its contents.
> 151. Swarupa Slee did not sign the Assignment; someone else did, using that name.

The Motion states:

> Mr. Henry's attacks on MERS's authority to assign the deed of trust fails as a matter of law. The Fifth Circuit held MERS "qualifies as a mortgagee" under Texas law. ...

However, this case is distinguished from others because here, MERS did NOT sign "as nominee" but in its own capacity. In all cases cited, MERS signed "as nominee."

The Motion states:

> Mr. Henry pleads his basis for claiming title to the property is a general warranty deed (pet. ¶¶ 46-47) explicitly reciting he received title in consideration for the proceeds of the loan (EX. 3 at 1). The court should disregard his assertions regarding having "never borrowed money in a loan secured by the Property" (pet. ¶ 2) as not plausible under the facts he pleads. His only basis for the quiet title claim is defendants' allegedly inferior title.

However, first, the Ex. 3 does not show a loan of money to Plaintiff. Second, the Ex. 3 was not signed by Plaintiff.

The Motion states:

> Nothing in the language of chapter 51 requires a mortgagee or mortgage servicer be the holder (or even owner) of the promissory note to exercise the power of sale in a deed of trust. ... the party to foreclose need not possess the note).

However, this issue is covered by Footnote 7 (page 15) quoted above. The Complaint alleges that the defendant is not a "person entitled to enforce the note" (which is broader than "possess the note") and that the defendant is not the beneficiary of the deed of trust through assignments.

The Motion states:

> Mr. Henry agreed MERS was the beneficiary when he signed the deed of trust (EX. 2 at 1), and it assigned its rights to BoNYM (EX. 6). Nothing he alleges plausibly puts the validity of the assignment in question.

However, the Ex. 2 does not bear Plaintiff's signature, and the Assignment is dealt with in the Complaint in paragraphs 128 through 171.

The Motion states:

> If Mr. Henry is correct that he "is not in default on any loan encumbering the Property" (pet. ¶ 87) then he has not pled facts from which to conclude defendants are "debt collectors" under the Fair Debt Collection Practices Act. ... "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."

However, an attempt to collect a debt when no debt is owed, or no debt is owed to the party claimed, is a violation of the FDCPA:

> "This bill also protects people who do not owe money at all. In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or mistaken facts." House Report 95-131, 95th Cong., 1st Sess., p. 8. Accord, Senate Report No. 95-382, p. 4, reprinted at 1997 USCCAN 1695, 1699.

The FDCPA claim (Fifth Cause of Action) is against Carrington and Ditech. The Complaint states at paragraph 6 that Carrington is not the loan servicer of any loan encumbering Plaintiff's property.

> The Motion states:
>
> Mr. Henry pleads he owns the property but he does not state he occupies it as his personal residence. ... FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ."

However, the Complaint states:

> 315. The debt alleged by Defendants, at issue in this litigation, is covered as a debt as defined 15 U . . C. 1692a (5), since it was incurred for the personal, family or household purposes of the Plaintiff.

The Motion states:

> The Harris County Appraisal District's records reflect no homestead exemption. (See EX. 16, "Exemption Type None" (emphasis in original).)

However, those records are in error.

### Conclusion

The Complaint states claims upon which relief can be granted. The Motion should be denied, or in the alternative, leave to amend should be given, so that Plaintiff may supply any possible missing allegations as discussed by the Motion ("He does not state ... He does not plead ... Without pleading some detail ...")

DATED: 12/24/2018          /s/ *Antwan Henry*
                                    Antwan Henry

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that upon the date last written below I served a copy of the foregoing on each of the following parties by U.S. mail and/or or email:

**DITECH FINANCIAL LLC**
c/o S. David Smith – Attorney in charge
c/o Melissa S. Gutierrez – Of Counsel
BRADLEY ARANT BOULT CUMMINGS LLP
600 Travis Street, Suite 4800
Houston, Texas 77002
sdsmith@bradley.com
mguiterrez@bradley.com

**CARRINGTON MORTGAGE SERVICES, LLC &**
**THE BANK OF NEW YORK MELLON, AS TRUSTEE**
c/o C. Charles Townsend – Of Counsel
c/o Walter McInnis – Attorney in charge
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
charles.townsend@akerman.com
walter.mcinnis@akerman.com

**CARRINGTON MORTGAGE SERVICES, LLC &**
**THE BANK OF NEW YORK MELLON, AS TRUSTEE**
Monica Summers
AKERMAN LLP
112 E. Pecan Street, Suite 2750
San Antonio, Texas 78205
monica.summers@akerman.com

/s/_____          Date: ____/____/2018
Person Serving Motion