**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Antwan Henry | § | |
| v. | § | 4:18-cv-04414 |
| Carrington Mortgage Services, LLC, et al. | § | |
| | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Antwan Henry, Ditech Financial LLC f/k/a Green Tree Servicing, LLC (**Ditech**),

Carrington Mortgage Services, LLC (**Carrington**) and The Bank of New York Mellon, f/k/a The

Bank of New York as trustee (**BoNYM**), file this discovery/case management plan under federal

rule of civil procedure 26(b) and pursuant to the court's order for conference and disclosure of

interested parties (doc. 4).  The parties conferred on December 28, 2018.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The conference was held telephonically on December 28, 2018.  Pro Se plaintiff Antwan Henry attended, Timothy P. Lendino attended on behalf of Ditech and Monica Summers attended on behalf of Carrington and BoNYM attended.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Mr. Henry filed his state court action on October 15, 2018.  Ditech removed the case on November 20, 2018.

3. **Specify the allegation of federal jurisdiction.**

   Mr. Henry asserts violations of federal law − Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (**FDCPA**) and Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* (**RESPA**).

4. **Name the parties who disagree and the reasons.**

   None at this time.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None at this time.

6.  **List anticipated interventions.**

    None.

7.  **Describe class-action issues.**

    None.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

    The parties will exchange initial disclosures on or before January 11, 2019.

9.  **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

    •  **26(f)(3)(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

       The parties will exchange initial disclosures on or before January 11, 2019.

    •  **26(f)(3)(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

       The parties anticipate discovery will be completed by September 13, 2019.  Plaintiff believes discovery should be conducted in phases to enable follow-up questions on written interrogatories.  Carrington, BoNYM and Ditech believe discovery does not need to be conducted in phases or limited to or focused on particular issues.

    •  **26(f)(3)(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

       None at this time.

- **26(f)(3)(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

    None at this time.

- **26(f)(3)(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

    None.

- **26(f)(3)(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

    None at this time.

**B.  When and to whom the plaintiff anticipates it may send interrogatories**.

Plaintiff anticipates sending interrogatories to at least one officer, employee or agent of each Defendant to be responded to in advance of the close of the first phase of discovery.

**C.  When and to whom the defendant anticipates it may send interrogatories**.

Carrington, BoNYM and Ditech anticipate sending interrogatories to Mr. Henry to be responded to in advance of the discovery deadline.

**D.  Of whom and by when the plaintiff anticipates taking oral depositions.**

Unknown at this time.

**E.  Of whom and by when the defendant anticipates taking oral depositions.**

Carrington, BoNYM and Ditech will take Mr. Henry's deposition prior to the close of discovery period.

**F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Parties seeking affirmative relief will designate expert(s) by May 1, 2019.

Parties will designate rebuttal expert(s) by June 14, 2019.

**G. List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

None at this time.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule26(a)(2)(B) (export report)).**

Carrington, BoNYM and Ditech propose any expert deposition should be completed prior to the discovery deadline.

**10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff believes discovery should be conducted in phases to enable follow-up questions on written interrogatories.  Carrington, BoNYM and Ditech believe discovery does not need to be conducted in phases or limited to or focused on particular issues.

**11. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

**12. State the date the planned discovery can reasonably be completed.**

The parties believe discovery can be completed by September 13, 2019.

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed plaintiff's desire to keep the property and apply for a loan modification.  Plaintiff is not interested in resolutions that do not involve him retaining the property.

**14. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

Carrington and BoNYM filed a motion to dismiss on December 11, 2018 (dkt. 7).  Ditech intends to file a motion for judgment on the pleadings shortly.

**15. From the attorneys' discussion with their client, state the alternative dispute resolution techniques that are reasonably suitable.**

Carrington, BoNYM and Ditech believe mediation may be productive if conducted relatively early in the case.  Plaintiff does not believe mediation would be productive.

**16. Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge**.

The parties do not currently consent to a magistrate judge.

**17. State whether a jury demand has been made and if it was made on time.**

A jury demand has not been made.

**18. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate 2-3 days to present evidence in this case.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference**.

Carrington and BoNYM filed a dismissal motion on December 11, 2018 (dkt. 7).  Ditech intends to file a motion for judgment on the pleadings shortly.

**20. List other motions pending.**

None at this time.  Plaintiff anticipates filing a Motion for Leave to File ECF.

**21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**22. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Antwan Henry
11939 Canyon Valley Drive
Tomball, Texas 77377
Telephone: 281.995.7735
onpaone@gmail.com

**PRO SE PLAINTIFF**

S. David Smith – Attorney in charge
SBN 18682550; So. Dist. Bar No. 14233
Melissa S. Gutierrez – Of Counsel
SBN 24087648; So. Dist. Bar No. 2255351
BRADLEY ARANT BOULT CUMMINGS LLP
600 Travis Street, Suite 4800
Houston, Texas 77002
Telephone: 713.576.0300
Facsimile: 713.576.0301
sdsmith@bradley.com
mguiterrez@bradley.com

**ATTORNEYS FOR DITECH FINANCIAL LLC**


C. Charles Townsend – Of Counsel
SBN 24028053; So. Dist. Bar No. 1018722
Walter McInnis – Attorney in charge
SBN 24046394; So. Dist. Bar No. 588724
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339
charles.townsend@akerman.com
walter.mcinnis@akerman.com

Monica Summers
SBN 24083594, So. Dist. Bar No. 1760115
AKERMAN LLP
112 E. Pecan Street, Suite 2750
San Antonio, Texas 78205
Telephone: 210.582.0220
Facsimile: 210.582.0231
monica.summers@akerman.com

**ATTORNEYS FOR CARRINGTON
MORTGAGE SERVICES, LLC &
THE BANK OF NEW YORK MELLON,
AS TRUSTEE**

**Pro Se Plaintiff**

_/s/ Antwan Henry_                              Date: <u>January 11, 2019</u>

**Counsel for Ditech Financial LLC**

_/s/ Timothy P. Lendino_                        Date: <u>January 11, 2019</u>

**Counsel for Carrington Mortgage Services, LLC
and The Bank of New York Mellon, as Trustee**

_/s/ Monica Summers_                            Date: <u>January 11, 2019</u>