United States Courts
Southern District of Texas
FILED

FEB 08 2019

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Antwan Henry | § | |
|      Plaintiff, | § | |
| v. | § | 4:18-cv-04414 |
| Carrington Mortgage Services, LLC, et al. | § | |
|      Defendant. | § | |

## PLAINTIFF'S OPPOSITION TO [17] DEFENDANT DITECH FINANCIAL LLC'S

## MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Antwan Henry opposes [17] DEFENDANT DITECH FINANCIAL LLC'S

MOTION FOR JUDGMENT ON THE PLEADINGS ("Motion").

As a threshold matter, the Motion uses citations from Westlaw, which is a private

subscription-only database not available to the public. No copies of the cited cases are attached to

the Motion. Therefore, such citations should and must be disregarded.

The Motion states:

Indeed, the plaintiff "must prove and recover on the strength of his own title, not the
weakness of his adversary's title."

However, the Complaint very clearly sets forth the strength of Plaintiff's title:

34. Plaintiff was and is the owner of the Property.
46. On July 5, 2005, ROYCE MODEL HOMES, LP deeded the Property to
Plaintiff, via a GENERAL WARRANTY DEED WITH VENDOR'S LIEN. This
deed was recorded as Y586795. The undersigned hereby certifies that the attached
Exhibit A is a true copy of that deed.
47. Plaintiff's title comes from that GENERAL WARRANTY DEED WITH
VENDOR'S LIEN. [footnote 6: This deed from Royce to Plaintiff is the "strength of
Plaintiff's title." A plaintiff must establish his claim based on the strength of his title
to the property as opposed to weaknesses of an adversary's title. Fricks v. Hancock,
45 S.W.3d 322,327 (Tex. App. 2001).]

PLAINTIFF'S OPPOSITION TO [17] DEFENDANT DITECH FINANCIAL LLC'S MOTION FOR JUDGMENT
ON THE PLEADINGS

1

The Motion states:

> Here, it appears Plaintiff alleges he has superior title by claiming the deed of trust is defective due to certain assignments. Such title defect allegations have been rejected by this Court and the Fifth Circuit on multiple occasions. See Martins v. BAC Home Loans Servicing, LP, 722 F.3d 249, 255 (5th Cir. 2013) (holding that MERS has the authority to assign a deed of trust);

However, the allegations in the Complaint here differ from the cited cases because here, MERS signed not "as nominee" but in its own capacity, and MERS had no authority to assign the loan in its own right; MERS was never given written directions to do so; the signer of the Assignment lacked authority to do so; the signature on the Assignment was forged; and on the signature date MERS "was not nominee or agent of any party that owned or possessed any Promissory Note encumbering the Property." In addition, the entity purportedly receiving the Assignment did not exist. See Complaint, ¶¶ 128-153.

The Motion states:

> In any event, such allegations attacking Defendants' title cannot support a quiet title claim, which must be dismissed. See McGowan, 2018 WL 4346722 at *5.

However, the facts alleged in this case are different from the facts alleged in McGowan v. DITECH. Doc. [36] from McGowan states:

> Here, Plaintiffs' quiet title claim fails because Plaintiffs admit that they are in default, and Plaintiffs have not alleged facts showing that they tendered the amount due on the note.

Here, Plaintiff has not admitted default (see ¶ 87. "Plaintiff is not in default on any loan encumbering the Property.") In addition, Plaintiff has alleged facts from which it follows that tender is not required:

> 2. There is no valid debt owed on the property. [footnote: If the plaintiff's action "attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmative of the debt." (Onofrio v. Rice, 55 Cal.App.4th at p. 424.)]

2

Plaintiff has never borrowed money in a loan secured by the Property. Plaintiff has never borrowed credit for money in a loan secured by the Property.

19.Defendant BNY CERTIFICATEHOLDERS is not a mortgagee of any mortgage, mortgage loan, or deed of trust encumbering the Property and otherwise has no interest in the properly whatsoever. [footnote: The caselaw finding that a borrower must assert an ability to tender the loan proceeds to maintain a quiet title claim against a mortgagee does not apply to this action where the Complaint alleges that Defendant is not a mortgagee. See Exhibit C.]

Doc. [36] from McGowan continues:

Plaintiffs' quiet title claim also fails because it is not based on the strength of Plaintiffs' title to the Property. Although Plaintiffs argue in response to Defendant's motion that the "[t]itle to the Property is affected by a claim by the Defendant," and that "Defendant's claim and efforts to foreclose on the Property would affect or impair the title of the owner of the Property," see Resp. 10-11, they do not argue that Defendant's mortgage lien is invalid. This failure to assert the superiority of their own title is fatal to their quiet title claim. See Cook-Bell, 868 F. Supp. 2d at 591 ("The plaintiff asserts only that 'if the lien were enforced, it would interfere with the [p]laintiff's . . . use and enjoyment of the property.' . . . . Case 3:15-cv-03155-M-BT Document 36 Filed 08/24/18 Page 16 of 19 PageID 239

However, the plaintiff has failed to argue that her title is superior to the defendants' title, and has not tendered the amount owed on the note. . . . As a result, the plaintiff has failed to state a claim upon which relief may be granted, and this claim too must be dismissed.").

However, here, Plaintiff argues that Defendant's mortgage lien is invalid (see also ¶2 above):

209. The Loan Modification Agreement names Green Tree Servicing, LLC as "Lender."
210.The true name of Green Tree Servicing, LLC is DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING, LLC. (hereafter also called "Green Tree Servicing, LLC").
211. However, Green Tree Servicing, LLC did not lend any money to Plaintiff.
220. Plaintiff never received any signed copy of the Loan Modification Agreement.
221. Therefore, the Loan Modification Agreement never took effect.
223. The Lender's procedures required title insurance.
224. No title endorsement was ever issued.
225. No title insurance was ever issued.
226. Therefore, the Loan Modification Agreement was and is "null and void."
228. This [Loan Modification] agreement is unconscionable because it is not understandable by the "least sophisticated consumer."

PLAINTIFF'S OPPOSITION TO [17] DEFENDANT DITECH FINANCIAL LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS

229. The Loan Modification was signed by "Jeff D. Koenig, Director of Default Services, License Number: 973833"

230. Jeffrey Dean Koenig has Arkansas NMLS License Number 973833.

231. Jeff D. Koenig has no Texas license.

The Motion states:

Plaintiff's second "count" seeks a judicial declaration that The Bank of New York Mellon ("BoNYM") does not have ownership or possession of the promissory note secured by a deed of trust on the property. (Pet. ¶ 272-88.) These allegations are not directed against Ditech. In any event, again, the Fifth Circuit has flatly rejected these same arguments. See, e.g., Martins, 722 F.3d at 254-55 ("the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure"); Van Duzer v. U.S. Bank Nat'l Ass'n, 995 F. Supp. 2d 673, 688 (S.D. Tex.), aff'd, 582 F. App'x 279 (5th Cir. 2014) (observing under Texas law the beneficiary of the lien can be different from the holder of the note and the party to foreclose need not possess the note).

It is true that foreclosure may be done by any person entitled to enforce a Note, and not only by the owner or holder; if these were the extent of the second "count" then Defendant DITECH would have a point. However, in ¶ 276, Plaintiff also requests a declaration "...that Plaintiff has no legal relationship with any Defendant; ... and that the debt is unsecured."

The Motion states:

Finally, Plaintiff's third "count" for declaratory relief is also meritless because he demands the Court declare he "has the right to prepay" the loan (see pet. ¶ 289-91) when that is not in dispute, as such right is provided for in the promissory note itself.

However, what the Complaint actually requests is a declaration of something different:

289. Plaintiff has the right to prepay, **subject to identification of the creditor.**

See also ¶ 277 of the Complaint.

The Motion states:

... similar challenges to the securitization of a promissory note have been rejected by this Court. See Herrera v. Wells Fargo Bank, N.A., No. CIV.A. H-13-68, 2013 WL 961511, at *8 (S.D. Tex. Mar. 12, 2013).

PLAINTIFF'S OPPOSITION TO [17] DEFENDANT DITECH FINANCIAL LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS

However, Herrera stands for the proposition that "a borrower lacks standing to (1) challenge the

validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is

invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a

party to nor a third party beneficiary of the securitization agreement." Here, however, **Plaintiff alleges**

**that the Assignment is void** (see ¶¶ 128-168: "For all of the above reasons, **the Assignment is**

**void**."). Plaintiff quotes judicial decisions in Exhibit C:

> Long v. Deutsche Bank Nat'l Tr. Co., 2011 WL 5079586, at * 11 (D. Haw. Oct. 24
> 2011) **(alleging that the mortgage transaction is void)**. [footnote: Defendant cites
> Long for the proposition that a borrower must allege an ability to tender even if the
> quiet title claim is brought against a party that is not a mortgagee. Doc. No. 46, Def.'s
> Reply at 4. Defendant reads Long too broadly. Long rejected the plaintiff's argument
> that the quiet title claim could stand based on the assertion that the loan was securitized
> and that Deutsche Bank was therefore not the true owner of the mortgage loan due to its
> securitization. It was in this context of discussing securitization that Long stated "that
> [e]ven if Deutsche Bank is not the true current owner of the note, it does not change
> that Plaintiff entered into a mortgage with a lender -- Plaintiff would still be required to
> have paid or tendered the outstanding balance to be able to assert a 'quiet title' claim as
> the rightful owner." 2011 WL 5079586, at* 10 (citing Rosenfeld, 732 F. Supp. 2d at
> 975). In other words, there was no allegation that Deutsche Bank had no relation to the
> mortgage loan. As compared to Long, Plaintiffs are not raising a weakness in
> Defendant's mortgagee status; rather, they are asserting that Defendant is not a
> mortgagee at all. Defendant's reliance on Tapia v. U.S. Bank NA., 718 F. Supp. 2d 689
> (E.D. Va. 2010), is similarly misplaced. In Tapia the plaintiff asserted a broad quiet
> title claim such that the complaint did not plausibly suggest that she had a superior title
> to "any competing interest" where she also admitted that she had not paid her mortgage.
> 718 F. Supp. 2d at 700.]

See also Yvanova v. New Century Mortgage Corp., 226 Cal.App.4th 495 (2014): "We hold only that a

borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful

foreclosure based on an **allegedly void assignment** merely because he or she was in default on the loan

and was not a party to the challenged assignment."

## Conclusion

The Complaint should not be dismissed at this stage of the proceedings; or in the alternative,

Plaintiff should be given opportunity to re-plead in order to cure any deficiencies.

5

Executed on: February ⟨6⟩ , 2019

Antwan Henry
11939 Canyon Valley Dr
Tomball TX 77377-7636
(281) 995-7735

6

PLAINTIFF'S OPPOSITION TO [17] DEFENDANT DITECH FINANCIAL LLC'S MOTION FOR JUDGMENT
ON THE PLEADINGS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that upon the date last written below I served a copy of the foregoing on each of the following parties by U.S. mail and/or or email:

**DITECH FINANCIAL LLC**
c/o Sam David Smith -- Attorney in charge
c/o Melissa S. Gutierrez -- Of Counsel
BRADLEY ARANT BOULT CUMMINGS LLP
600 Travis Street, Suite 4800
Houston, Texas 77002
Telephone: 713.576.0300
Facsimile: 713.576.0301
sdsmith@bradley.com
mguiterrez@bradley.com

**CARRINGTON MORTGAGE SERVICES, LLC &**
**THE BANK OF NEW YORK MELLON, AS TRUSTEE**
c/o C. Charles Townsend -- Of Counsel
c/o Walter McInnis -- Attorney in charge
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339
charles.townsend@akerman.com
walter.mcinnis@akerman.com

**CARRINGTON MORTGAGE SERVICES, LLC &**
**THE BANK OF NEW YORK MELLON, AS TRUSTEE**
Monica Summers
AKERMAN LLP
112 E. Pecan Street, Suite 2750
San Antonio, Texas 78205
Telephone: 210.582.0220
Facsimile: 210.582.0231
monica.summers@akerman.com

DATED: 2 / 6 /2019            Antuan Henry
                                        Name of person mailing copies

7

PLAINTIFF'S OPPOSITION TO [17] DEFENDANT DITECH FINANCIAL LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS