United States District Court
Southern District of Texas

**ENTERED**

June 14, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTWAN HENRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4414 |
| | § | |
| CARRINGTON MORTGAGE SERVICES, | § | |
| LLC; THE BANK OF NEW YORK | § | |
| MELLON, F/K/A THE BANK OF NEW | § | |
| YORK, AS TRUSTEE FOR THE | § | |
| CERTIFICATE HOLDERS OF THE | § | |
| CWABS, INC., ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2006-5; | § | |
| and DITECH FINANCIAL LLC | § | |
| F/K/A GREEN TREE | § | |
| SERVICING, LLC; | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Antwan Henry ("Plaintiff") filed suit against Ditech Financial LLC ("Ditech"), Carrington Mortgage Services LLC ("Carrington"), and the Bank of New York Mellon as Trustee for the Certificate Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-5 ("BONYM") (collectively "Defendants") in the 80th Judicial District Court of Harris County, Texas, alleging that Defendants are improperly attempting to foreclose on his real property located at 11939 Canyon Valley Drive, Tomball, Texas 77377

(the "Property"). Ditech timely removed the action to this court.[1]
Pending before the court are Carrington and BONYM's Dismissal
Motion ("Carrington/BONYM's Motion") (Docket Entry No. 7) and
Defendant Ditech Financial LLC's Motion for Judgment on the
Pleadings ("Ditech's Motion") (Docket Entry No. 17). For the
reasons explained below, both Carrington/BONYM's Motion and
Ditech's Motion will be granted.

## I.  Factual and Procedural Background

On June 27, 2005, Plaintiff executed a $167,200.00 Adjustable
Rate Note (the "Note") with Network Funding, L.P. (the "Original
Lender") to purchase the Property.[2] The Note was secured by a Deed
of Trust,[3] which granted the Original Lender a lien on the Property
with a power of sale.[4] The beneficiary of the Deed of Trust was

---

[1]See Notice of Removal, Docket Entry No. 1.

[2]See Note, Exhibit 1 to Carrington/BONYM's Motion, Docket
Entry No. 7, p. 16.

[3]The Deed of Trust originally contained a scriveners error,
but the error was subsequently corrected by an affidavit recorded
in the Harris County Real Property Records. See Deed of Trust,
Exhibit 2 to Carrington/BONYM's Motion, Docket Entry No. 7, p. 21
(listing the mortgage identification number for the Loan as
1001504-060590071-6); Mortgagee's Affidavit, Exhibit 4 to
Carrington/BONYM's Motion, Docket Entry No. 7, p. 43 (correcting
that the actual mortgage identification number for the Loan is
1001504-0605900071-6).

[4]See Deed of Trust, Exhibit 2 to Carrington/BONYM's Motion,
Docket Entry No. 7, pp. 21-22, 30. The Note and Deed of Trust are
referred to collectively herein as the "Loan."

Mortgage Electronic Registration Systems, Inc. ("MERS").[5]   MERS
assigned its interest in the Deed of Trust to BONYM on November 4,
2011.[6]   Loan servicing was transferred to Green Tree Servicing LLC
("GTS"), Ditech's predecessor entity, effective September 14,
2014.[7]

Plaintiff filed suit against BONYM and GTS, among others, in
this court on August 29, 2014 (the "2014 Action"), pleading claims
and allegations similar to those in this action.[8]   Plaintiff
nonsuited the 2014 Action after the court denied his request for a
temporary injunction to bar foreclosure.[9]   On January 6, 2015 (the
day after the court denied Plaintiff's motion for a temporary
injunction in the 2014 Action), Plaintiff filed for bankruptcy
protection under Chapter 13 of the Bankruptcy Code in the Southern
District of Texas.[10]   The bankruptcy court dismissed Plaintiff's

---

[5]See id. at 21.

[6]See Assignment of Deed of Trust, Exhibit 6 to
Carrington/BONYM's Motion, Docket Entry No. 7, p. 50.

[7]See Loan Modification Agreement, Exhibit 11 to
Carrington/BONYM's Motion, Docket Entry No. 7, p. 101 (listing the
"Lender" as GTS).

[8]See Henry v. Bank of America, N.A. et al., No. 4:14-cv-2497,
Docket Entry No. 1.

[9]See Memorandum Opinion and Order [January 5, 2015], Exhibit
8 to Carrington/BONYM's Motion, Docket Entry No. 7, pp. 91-94;
Notice of Voluntary Dismissal [January 16, 2015], Exhibit 9 to
Carrington/BONYM's Motion, Docket Entry No. 7, pp. 96-97.

[10]See Voluntary Petition, Exhibit 12 to Carrington/BONYM's
(continued...)

petition shortly thereafter when Plaintiff failed to comply with the bankruptcy court's orders.[11]

GTS and Plaintiff entered into a Loan Modification Agreement effective September 1, 2015.[12]   In the Loan Modification Agreement, Plaintiff acknowledged that he was in default.[13]   The Loan Modification Agreement was recorded in the Harris County Real Property Records.[14]   Servicing transferred from GTS's successor entity, Ditech, to Carrington effective August 16, 2017.[15]   About one year after the Loan Modification Agreement was executed, Plaintiff filed another voluntary bankruptcy petition, and his petition was again dismissed shortly thereafter for Plaintiff's failure to follow the bankruptcy court's orders.[16]

_____

[10](...continued)
Motion, Docket Entry No. 7, p. 112.

[11]See Order of Dismissal [January 22, 2015], Exhibit 13 to Carrington/BONYM's Motion, Docket Entry No. 7, p. 119.

[12]See Loan Modification Agreement, Exhibit 11 to Carrington/BONYM's Motion, Docket Entry No. 7, pp. 101-04.

[13]See id. at 101 ("I am in default under the loan documents . . . .").

[14]See id. at 110.

[15]See Carrington/BONYM's Motion, Docket Entry No. 7, p. 2.

[16]See Voluntary Petition for Individuals Filing for Bankruptcy, Exhibit 14 to Carrington/BONYM's Motion, Docket Entry No. 7, p. 121; Order of Dismissal [September 24, 2018], Exhibit 15 to Carrington/BONYM's Motion, Docket Entry No. 7, p. 128.

Plaintiff filed his Complaint in this action in the 80th Judicial District Court of Harris County, Texas, on October 15, 2018.[17]  Plaintiff's Complaint alleges a number of claims against some or all of Defendants, including quiet title and violations of the Real Estate Settlement Procedures Act ("RESPA") and associated claims for declaratory relief.[18]  Ditech timely removed the action on November 20, 2018.[19]  Carrington and BONYM filed their Motion on December 11, 2018, arguing that the court should dismiss Plaintiff's claims against them because Plaintiff's claims lack merit.[20]  Plaintiff responded to Carrington/BONYM's Motion on December 28, 2018.[21]  Ditech filed its Motion on January 22, 2019, also arguing that Plaintiff's claims against it should be dismissed.[22]  Plaintiff responded to Ditech's Motion on February 8, 2019.[23]

---

[17]See Plaintiff's Original Petition (Complaint) ("Complaint"), Exhibit A to Notice of Removal, Docket Entry No. 1-1.

[18]See id. at 33-43.

[19]See Notice of Removal, Docket Entry No. 1.

[20]See Carrington/BONYM's Motion, Docket Entry No. 7.

[21]See Plaintiff's Response to [7] Motion to Dismiss ("Plaintiff's Response to Carrington/BONYM's Motion"), Docket Entry No. 12.

[22]See Ditech's Motion, Docket Entry No. 17.

[23]See Plaintiff's Opposition to [17] Defendant Ditech Financial LLC's Motion for Judgment on the Pleadings ("Plaintiff's Response to Ditech's Motion"), Docket Entry No. 19.

## II.   <u>Standard of Review</u>

A motion brought pursuant to Federal Rule of Civil Procedure 12(c) should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law.   <u>Greenberg v. General Mills Fun Group, Inc.</u>, 478 F.2d 254, 256 (5th Cir. 1973).   A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim.   <u>See</u> <u>In re Great Lakes Dredge & Dock Co., LLC</u>, 624 F.3d 201, 209 (5th Cir. 2010); <u>Guidry v. American Public Life Insurance Co.</u>, 512 F.3d 177, 180 (5th Cir. 2007); <u>Jones v. Greninger</u>, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.   <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001); <u>Jones</u>, 188 F.3d at 324.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

<u>Swierkiewicz v. Sorema N.A.</u>, 122 S. Ct. 992, 997 (2002) (quoting <u>Scheuer v. Rhodes</u>, 94 S. Ct. 1683, 1686 (1974)).   To avoid dismissal a plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'"   <u>Doe v. MySpace, Inc.</u>, 528 F.3d 413, 418 (5th Cir. 2008) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007)).   Plausibility requires

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 127 S. Ct. at 1966) (internal quotation marks omitted). The court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010).

When considering a motion to dismiss courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). In addition, the court may take judicial notice of matters of public record, including pleadings filed in state court. See Joseph v. Bach & Wasserman, L.L.C., 487 Fed. App'x 173, 178 (5th Cir. 2012).

## III.  Analysis

In two separate motions -- one by Carrington and BONYM and another by Ditech -- Defendants argue that they are entitled to

judgment on the pleadings because Plaintiff has failed to plead plausible claims for relief.   Because the two motions address overlapping issues, the court will consider them together.   For the reasons explained below, the claims in Plaintiff's Complaint fail as a matter of law and Defendants are entitled to judgment on the pleadings.

## A.   Quiet Title (First Cause of Action)

A suit to remove cloud or to quiet title exists "'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" <u>Essex Crane Rental Corp. v. Carter</u>, 371 S.W.3d 366, 388 (Tex. App. -- Houston [1st Dist.] 2012, pet. denied) (quoting <u>Bell v. Ott</u>, 606 S.W.2d 942, 952 (Tex. Civ. App. -- Waco 1980, writ ref'd n.r.e.)).   The plaintiff has the burden of proof to establish his superior equity and right to relief.   <u>Id.</u>   To do so "the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." <u>Vernon v. Perrien</u>, 390 S.W.3d 47, 61–62 (Tex. App. -- El Paso 2012, no pet.) (citation omitted).   The plaintiff must recover on the strength of his own title, not on the weakness of the defendant's title.   <u>Hurd v. BAC Home Loans Servicing, LP</u>, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012); <u>Ventura v. Wells Fargo Bank,</u>

_N.A._, Civil Action No. 4:17-075-A, 2017 WL 1194370, at *2 (N.D. Tex. March 30, 2017; _Martin v. Amerman_, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

Plaintiff pleads a quiet title claim against all Defendants alleging that their claim to the Property is "invalid, unenforceable and without merit" and that Defendants "have no estate, title, claim, lien, or interest in the [Property]."[24] Plaintiff bases his claim on the weakness of Defendants' title, rather than the strength of his own title.  Plaintiff also contests the validity MERS's assignment to BONYM.   "[U]nder Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor."  _Reinagel v. Deutsche Bank National Trust Co._, 735 F.3d 220, 228 (5th Cir. 2013). Plaintiff therefore lacks standing to challenge MERS's assignment to BONYM, or any other assignment of the Deed of Trust, because he is the borrower and not the defrauded assignor.

Furthermore, the documents attached to Carrington/BONYM's Motion show that the Deed of Trust created a valid lien (of which BONYM is the beneficiary) that remains on the Property.  Ditech is no longer the mortgage servicer for the Loan and Ditech is not attempting to enforce the lien.  Carrington is the current mortgage servicer and claims no interest in the Property independent of its

---

[24]_See_ Complaint, Exhibit A to Notice of Removal, Docket Entry No. 1-1, pp. 33-34 ¶¶ 260-66.

right to enforce the lien on BONYM's behalf.  For these reasons, Plaintiff's quiet title claim against Defendants fails as a matter of law.

**B.    Cancellation of Instrument (Third Cause of Action)**

Plaintiff's Complaint also alleges a "cancellation of instrument" claim against Defendants in which Plaintiff alleges that the Certificate Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2006-5, of which BONYM is the Trustee, do not exist.[25]  Plaintiff fails to provide any facts to support this assertion.  Public records conclusively establish that CWABS, Inc. Asset-Backed Certificates, Series 2006-5 does exist.[26]  Plaintiff's "cancellation of instrument" claim does not contain specific allegations against Carrington or Ditech.  For these reasons, Plaintiff's "cancellation of instrument" claim fails as a matter of law.

---

[25]See id. at 38 ¶¶ 293-98.

[26]See Carrington/BONYM's Motion, Docket Entry No. 7, p. 10 (citing CWABS Asset-Backed Certificates Trust 2006-5, Annual Report (Form 10-K) (Mar. 27, 2007), https://www.sec.gov/Archives/edgar/data/1354827/000090514807002706/efc7-0808_6058375fm10k.txt).  CWABS Asset-Backed Certificates Trust 2006-5 is registered with the SEC under CIK# 1354827.  See EDGAR Page for CWABS Asset-Backed Certificates Trust 2006-5, https://www.sec.gov/cgi-bin/browse-edgar?CIK=1354827&owner=exclude&action=getcompany&Find=Search.

C.   **Request for Accounting (Fourth Cause of Action)**

"When a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting." <u>T.F.W. Management, Inc. v. Westwood Shores Property Owners Association</u>, 79 S.W.3d 712, 717-18 (Tex. App. -- Houston [14th Dist.] 2002, pet. denied).   Plaintiff requests an accounting on the ground that he "does not owe the amount that Defendants have demanded."[27]   Plaintiff does not allege any facts suggesting that standard discovery techniques will be inadequate to determine the amount he owes under the Loan.   The court therefore declines to order an accounting in this action.

D.   **Violations of the Fair Debt Collection Practices Act ("FDCPA") (Fifth Cause of Action)**

Plaintiff pleads a claim for violations of the FDCPA against Ditech and Carrington.   Plaintiff alleges that Ditech and Carrington failed to send him various notices required by 15 U.S.C. § 1692g(a) of the FDCPA and that Ditech and Carrington improperly "continued debt collection attempts without verifying or validating the alleged debt."[28]   Plaintiff also alleges that he timely disputed all notices sent by Ditech and Carrington and demanded that they

---

[27]<u>See</u> Complaint, Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 39 ¶¶ 305-07.

[28]<u>See</u> <u>id.</u> at 40-41 ¶¶ 316-25.

verify the debt.[29]   Defendants argue (1) that Plaintiff has failed to plead sufficient facts supporting his FDCPA claim and (2) that Defendants do not qualify as debt collectors under the FDCPA.

The allegations in Plaintiff's FDCPA claim fall short of the plausibility standard articulated in Iqbal and Twombly.  Plaintiff fails to allege any facts showing that any of Defendants engaged in misconduct.  Plaintiff does not plead facts explaining how the notices sent by Carrington and Ditech were deficient.  Therefore, even if Carrington and Ditech qualify as "debt collectors" under the FDCPA, Plaintiff's FDCPA claims against Carrington and Ditech fail as a matter of law.

E.   **Violations of RESPA (Sixth Cause of Action)**

RESPA requires a loan servicer to respond by certain deadlines to a "qualified written request" from a borrower.  See 12 U.S.C. § 2605(e).  For purposes of RESPA, a "qualified written request" is defined as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer," that identifies, specifically or in a way that enables the loan servicer to identify, the name and account at issue, and that "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other

---

[29]See id. at 41 ¶¶ 320, 323.

-12-

information sought by the borrower." See id. § 2605(e)(1)(B).  To recover against a lender or servicer that fails to comply with RESPA's requirements, the borrower must allege either (1) that actual damages resulted from the RESPA violations or (2) that the defendant engaged in a "pattern or practice of noncompliance" entitling the Plaintiff to up to $2,000 in statutory damages.  12 U.S.C. § 2605(f)(1)(A)-(B); Oden v. JPMorgan Chase Bank, N.A., C.A. No. H-12-0861, 2012 WL 1610782, at *2 (S.D. Tex. May 8, 2012); Gipson v. Deutsche Bank National Trust Company, C.A. No. 3:13-CV-4820-L(BH), 2015 WL 11120538, at *24 (N.D. Tex. Oct. 27, 2015).

To support his RESPA claim against Ditech and Carrington Plaintiff alleges that he "mailed to [Ditech and Carrington] a Qualified Written Request (QWR) under RESPA, requesting information about the servicing of the loan and asserting that [Ditech and Carrington] had made an error about the amount due."[30]  Plaintiff alleges that Ditech and Carrington failed to respond to his qualified written requests, which caused him damages.[31]  While Plaintiff's Complaint alleges that he sent qualified written requests to Ditech and Carrington, Plaintiff's Complaint fails to explain what actual damages Plaintiff suffered as a result of Carrington and Ditech's alleged failure to respond.  Nor does

---

[30]See id. at 41-42 ¶¶ 326, 330.

[31]See id. at 41-42 ¶¶ 327-28, 331-32.

-13-

Plaintiff allege that Ditech and Carrington engaged in a "pattern or practice of noncompliance" entitling Plaintiff to statutory damages.   Because Plaintiff's Complaint fails to plead facts showing that Plaintiff suffered actual damages, Plaintiff's RESPA claim against Ditech and Carrington will be dismissed.

**F.   "Unconscionable Inducement" (Seventh Cause of Action)**

In his "unconscionable inducement" claim against Ditech, Plaintiff alleges that Ditech "procured an inflated appraisal" and that the Loan Modification Agreement between Plaintiff and Ditech (then GTS) "is unconscionable because it is not understandable by the 'least sophisticated consumer.'"[32]   Plaintiff fails to cite to any applicable law creating an "unconscionable inducement" cause of action under Texas Law.[33]   Plaintiff has also failed to plead sufficient facts to allow a fact finder to plausibly conclude that the Loan Modification Agreement was unconscionable.   Plaintiff's "unconscionable inducement" claim against Ditech will therefore be dismissed.

---

[32] See id. at 42 ¶¶ 334-35.

[33] In re Halliburton Co., 80 S.W.3d 566 (Tex. 2002), does not create a cause of action for "unconscionable inducement." Halliburton addresses the unconscionability of an arbitration clause in an employment agreement as a defense to enforcement of that agreement.   See id. at 571-72.   The Michigan case cited by Plaintiff, Clark v. DaimlerChrysler Corp., 706 N.W.2d 471 (2005), also involved unconscionability as a defense to contract enforcement and does not create a cause of action for "unconscionable inducement."

-14-

G.   "Dual Tracking" (Eighth Cause of Action)

Plaintiff pleads a claim against Ditech and Carrington for "dual tracking," in which he alleges that Ditech and Carrington "while servicing a federally related mortgage loan, failed to notify Plaintiff in writing of an assignment, sale, or transfer of the servicing of the loan, and did not provide such notice at settlement."[34]   Plaintiff cites 12 U.S.C. § 2605(f) of RESPA as the basis of his "dual tracking" claim.[35]   Section 2605(f) articulates the types of damages provided by RESPA and how costs are to be allocated in RESPA actions.   See 12 U.S.C. § 2605(f) (entitled "Damages and costs").   Plaintiff's "dual tracking" claim appears to be referencing 12 U.S.C. § 2605(b)(1), which requires "[e]ach servicer of any federally related mortgage loan [to] notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."   See 12 U.S.C. § 2605(b)(1).

As discussed above, to recover under RESPA, a borrower must show either that he suffered actual damages or that the servicer's "pattern or practice of noncompliance" entitle the borrower to statutory damages.   Plaintiff's Complaint fails to explain what actual damages Plaintiff suffered as a result of Carrington and Ditech's alleged noncomplaince with § 2605(b)(1) of RESPA.

---

[34]See Complaint, Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 42 ¶¶ 338-39.

[35]See id. at 42.

Plaintiff's "dual tracking" claim also fails to allege that Ditech and Carrington engaged in a "pattern or practice of noncompliance" entitling Plaintiff to statutory damages.   Plaintiff's "dual tracking" claim against Carrington and Ditech will therefore be dismissed.

## IV.   Conclusion and Order

For the reasons explained above, Plaintiff has failed to plead sufficient facts to state plausible claims for relief in his substantive claims against BONYM, Carrington, and Ditech. Defendants have satisfied their burden to show that there are no issues of material fact with respect to Plaintiff's claims and that Defendants are entitled to judgment as a matter of law.

Plaintiff also seeks declaratory relief in connection with his substantive claims.[36]  When all substantive underlying claims have been dismissed, a claim for declaratory judgment cannot survive. Acers v. Aurora Loan Services, LLC, 787 F. Supp. 2d 451, 457 (E.D.

---

[36]See id. at 34-38 ¶¶ 269-91 (Second Cause of Action). Plaintiff seeks declarations that: (1) MERS lacked authority to assign its interest in the Loan to BONYM; (2) BONYM has no interest in the Property; and (3) Plaintiff has the right to prepay the Loan.  As discussed above, Plaintiff lacks standing to contest the assignment from MERS to BONYM and BONYM has a valid interest in the Property.  Plaintiff's right to prepay the Loan is not in dispute. See Ditech's Motion, Docket Entry No. 17, p. 4;  Note, Exhibit 1 to Carrington/BONYM's Motion, Docket Entry No. 7, p. 17 (explicitly granting Plaintiff the right to make payments on the principal of the Loan before they are due).

Tex. 2011).   Because the court will dismiss all of Plaintiff's substantive claims, Plaintiff's Second Cause of Action for Declaratory Relief is also subject to dismissal.

Carrington/BONYM's Dismissal Motion (Docket Entry No. 7) is therefore **GRANTED**.   Defendant Ditech Financial LLC's Motion for Judgment on the Pleadings (Docket Entry No. 17) is also **GRANTED**.

**SIGNED** at Houston, Texas, on this 14th day of June, 2019.

-----------------------------------

SIM LAKE
UNITED STATES DISTRICT JUDGE

-17-