IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Antwan Henry | § | |
| v. | § | Civil Action No. H-18-4414 |
| Carrington Mortgage Services, LLC, et al. | § | |

**DEFENDANTS' RESPONSE TO REQUEST FOR INJUNCTION PENDING APPEAL**

    Antwan Henry's years of delay tactics to avoid repaying his debts continues despite another of his suits being dismissed. This court should deny his request for an injunction pending appeal.

## I. BACKGROUND & ALLEGATIONS

### A. Mr. Henry has gamed the courts repeatedly to stall creditors.[1]

    Mr. Henry has used a gamut of bad faith tactics to delay his creditors for the last five years.

- November 26, 2014: Mr. Henry sues in this court with a 300 paragraph complaint closely tracking the frivolous allegations in his current suit. The nature of the suit as one designed purely to delay foreclosure is clear from his nonsuit shortly after this court denies his demand for temporary injunctive relief blocking foreclosure.

- January 6, 2015: Mr. Henry files a frivolous bankruptcy petition the court dismisses within sixteen days.

- September 1, 2015: Mr. Henry receives a loan modification curing his defaults to that point with a series of benefits including moving much of the debt to noninterest bearing and lowering the interest rate.

- August 6, 2018: Mr. Henry files another frivolous bankruptcy petition the court dismisses in September 2018.

- October 15, 2018: Mr. Henry files this suit, recycling his allegations from 2014.

At no point has any of Mr. Henry's litigation resulted in any finding in his favor. Mr. Henry now demands his creditors' rights be further delayed pending appeal. His motion is based on irrelevant observations, conclusory statements and largely nothing more than the identical allegations the court considered in rendering final judgment for defendants.

---

[1] *See generally* doc. 7 at 1-3 (referencing public record reflecting the loan, lien and frivolous suits).

## II.  ARGUMENT & AUTHORITIES

### A.  The legal standard for this motion.

The court's judgment dismissing Mr. Henry's claims included refusal of his demand the court "[e]njoin . . . all Defendants . . . permanently . . ." from acting with respect to the property. Doc. 1-1 at 43, compl. ¶ 344; *see also* compl. ¶ 345 ("Enjoin defendant [*sic*] and those claiming under defendant [*sic*] from asserting any estate, title, claim, lien, or interest in the premises").  A party is generally entitled to an injunction pending appeal from a final judgment refusing an injunction only when it can show: (**1**) a substantial likelihood of success on the merits;[2] (**2**) a substantial threat of irreparable injury if the injunction is not granted; (**3**) the threatened injury outweighs the threatened harm to the party whom it seeks to enjoin; and (**4**) granting the injunction will not disserve the public interest. *See Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011).  All elements must be applied because Mr. Henry's dispute is "merely a private contractual matter." *Id.*  If granted, the injunction must be on "terms that secure the opposing party's rights." FED. R. CIV. P. 62(d).  It is not "incumbent upon this Court to . . . assist the Plaintiff in correcting" his filings.  Doc. 29 at 7; *SEC v. AMX Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (obligation is "construe his allegations and briefs more permissively").

### B.  The property record reflects a clear chain of authority to foreclose.

This court found Mr. Henry "failed to plead sufficient facts to state plausible claims for relief . . . and that Defendants are entitled to judgment as a matter of law." Doc. 25 at 16.  The public record reflects the party enforcing the power of sale is the mortgagee of the security instrument because it is the last assignee.  TEX. PROP. CODE § 51.0001(4)(C); *see* doc. 7 at 50-51 (assignment of deed of trust to BoNYM); doc. 29-1 (notice of sale identifying the mortgagee as

---

[2] Mr. Henry wrongly argues he need only demonstrate "a reasonable likelihood" of success.  Doc. 29 at 5.

BoNYM); *see also Van Duzer v. U.S. Bank, N.A.*, 995 F. Supp. 2d 673, 688 (S.D. Tex. 2014) (courts should view with "suspicion and distrust" allegations facially valid property records are defective). An officer of the beneficiary of the deed of trust executed the assignment. Doc. 7 at 21 ("MERS is the beneficiary under this Security Instrument."); doc. 7 at 50.

**C. Mr. Henry's motion for an injunction pending appeal contains nothing new.**

Despite a clear public record and no plausible allegations calling the mortgagee's or servicer's authority into question, Mr. Henry demands his creditors be injured with more delay pending appeal. Mr. Henry still points to utterly irrelevant details that make no difference to the parties' rights. *See, e.g.*, doc. 29-1 at 2 (referring to holders of a security as "registered holders" or "certificateholders"), 4 (complaining the notice of sale does not include "website info"), 9 (the lack of a single comma in an assignment). He objects to details that common sense explains as ordinary. *See e.g.*, doc. 29-1 at 16 (the new servicer assigned the loan a new loan number when it began servicing it, obviously in order to avoid confusion of servicing multiple loans with the same number). He relies on legal theories long discredited by the Fifth Circuit. *See, e.g.*, doc. 29-1 at 9 (challenging MERS's authority to assign instruments in Texas); *Khan v. Wells Fargo Bank, N.A.*, No. H-12-1116, 2014 WL 200492, at *9 (S.D. Tex. Jan. 17, 2014) ("Courts in the Fifth Circuit have repeatedly upheld MERS' assignment of mortgages to other entities."). He makes patently false assertions. *See, e.g.*, doc. 29-1 at 16 (asserting the loan agreement "is unconscionable" despite curing his admitted default, moving half the balance to noninterest bearing and dramatically lowering the interest rate). And he makes bizarrely banal claims such as, "Carrington is acting like a loan servicer," (doc. 29-1 at 5) which is what loan servicers generally do, and that nobody but he—the borrower—is "in actual possession" of the property (doc. 29-1 at 18) which is the generally accepted state of affairs before a foreclosure sale.

**D.  There is no substantial likelihood of success on Mr. Henry's appeal.**

Mr. Henry's reliance on the same allegations the court already determined failed to plead a claim are insufficient to demonstrate a substantial likelihood of success on appeal.  Nowhere in the forty-two pages of his motion and supporting brief does he engage meaningfully with the deficiencies the court noted in its memorandum opinion and order.

- Mr. Henry fails to demonstrate why his quiet title claim is based on the strength of his own title rather than the weakness of defendants' title.  *See* doc. 25 at 8-10.

- He provides nothing to contradict the public records reflecting the trust's existence.  *See* doc. 25 at 10.

- His filing lacks any information justifying imposing an accounting.  *See* doc. 25 at 11.

- He does not recite allegations of fact from which to conclude defendants violated the FDCPA or that they were acting as debt collectors under the act.  *See* doc. 25 at 12.

- He does not describe any basis from which to conclude he was damaged by any RESPA violation or defendants were engaged in a pattern or practice of noncompliance with the act.  *See* doc. 25 at 12-16.

- His allegations regarding unconscionability fall far short of justifying equitable relief.  *See* doc. 25 at 14.

**E.  The balance of injuries and public policy militate against granting an injunction.**

Of the remaining three elements of the test for Mr. Henry's injunction the most clear is the implication for public policy.  It would be a bad policy for many reasons to reward this debtor with yet another judicially-erected barrier to his creditors' rights.  The worst implications would be for the credibility of the judicial process when Mr. Henry already used four separate court proceedings in as many years as a proxy for repaying his debts even after his creditors made major concessions to him in modifying the terms of his debt.

Although real estate can be a basis to claim an irreparable damage it is not always the case. *See, e.g.*, *Hunt Bldg. Co. v. John Hancock Life Ins. Co.*, No. , 2013 WL 12293486, at * 4 (W.D. Tex. Aug. 13, 2013) ("Because foreclosure of the property serves to satisfy a monetary judgment,

the Court does not find that Plaintiffs will be irreparably injured absent a stay.")  And Mr. Henry's observation he remains in possession of the property drives home that he is in a position to damage or destroy the value of the security upon which the mortgagee relies.

### F. Mr. Henry's filings do not include validly sworn testimony.

Mr. Henry characterizes his motion and supporting brief as constituting sworn testimony. *See, e.g.*, doc. 29 at 6 ("the Affidvait in Support of Appellant's Emergency Motion for Injunction"), 7 ("I declare under penalty of perjury . . . ."); doc. 29-1 at 1 (entitling the brief "VERIFIED"), 2 ("I, Antwan Henry, declare"), 20 ("I declare under penalty of perjury").  His filings do not include minimum requirements for an affidavit or declaration.  There is no indication of his competence to testify or the basis for his personal knowledge of the statements in the documents.  And the few facts he asserts are not admissible testimony.  *See, e.g.*, *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (conclusory allegations, speculation, unsubstantiated assertions and legalistic argumentation are no substitute for specific facts showing genuine dispute of material fact)

### III. CONCLUSION

The court should deny Mr. Henry's request for injunctive relief pending appeal.

Date: June 28, 2019

Respectfully submitted,

 s/ Walter McInnis
C. Charles Townsend – Of Counsel
SBN: 24028053; So. Dist. Bar No. 1018722
Walter McInnis – Attorney in charge
SBN: 24046394; So. Dist. Bar No. 588724
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339
charles.townsend@akerman.com
walter.mcinnis@akerman.com

Monica Summers – Of Counsel
SBN: 24083594; So. Dist. Bar No. 1760115
AKERMAN LLP
112 East Pecan Street, Suite 2750
San Antonio, Texas 78205
Telephone: 210.582.0220
Facsimile: 210.582.0231
monica.summers@akerman.com

**ATTORNEYS FOR CARRINGTON MORTGAGE SERVICES, LLC & THE BANK OF NEW YORK MELLON, AS TRUSTEE**

## CERTIFICATE OF CONFERENCE

I spoke with counsel for Ditech, S. David Smith, on June 28, 2019, and he asked to join this response on behalf of his client.

   *s/ Walter McInnis*
Walter McInnis

## CERTIFICATE OF SERVICE

I certify I served this on June 28, 2019 as follows:

| VIA REGULAR U.S. MAIL AND CERTIFIED MAIL / RRR NO. 9414 7266 9904 2141 6319 64 | VIA CM/ECF |
|---|---|
| Antwan Henry 11939 Canyon Valley Drive Tomball, Texas 77377-7636 *Pro Se Plaintiff* | S. David Smith. Melissa S. Gutierrez Bradley Arant Boult Cummings LLP 600 Travis Street, Ste. 4800 Houston, Texas 77002 sdsmith@bradley.com mgutierrez@bradley.com *Counsel for Defendant Ditech Financial LLC* |

   *s/ Walter McInnis*
Walter McInnis